UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:05-cr-00104-8-FDW-DSC

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| vs. | ) | |
| (8) KELVIN BEAUFORT, | ) | ORDER |
| Defendant. | ) | |

THIS MATTER is before the Court on Defendant Kelvin Beaufort's Motion for Reduction of Sentence via Compassionate Release pursuant to 18 U.S.C § 3582(c). (Doc No. 894). For the reasons below, the motion is DENIED WITHOUT PREJUDICE.

## I.  BACKGROUND

Defendant, along with twenty-four other defendants, was indicted on April 24, 2005, after he was identified in a drug conspiracy as a supplier of cocaine and cocaine base. (Doc. No. 10). Specifically, Defendant was indicted with 5 kilograms or more of a mixture and substance containing a detectable amount of cocaine and 50 grams or more of a mixture and substance containing a detectable amount of cocaine base, commonly known as crack cocaine. Id. On November 2, 2006, Defendant was convicted of Conspiracy to Possess with Intent to Distribute, and Distribute Cocaine and Cocaine Base in violation of 21 U.S.C. §§ 841(a)(1) and 846. (Doc. No. 380). This Court sentenced him to 324 months of imprisonment. (Doc. No. 565, pg. 53). On January 20, 2016, Defendant's total sentence was revised to 262 months, pursuant to Amendment 782. (Doc. No. 868). At the time the instant motion was filed, Defendant was serving his sentence

1

at FCI Oakdale I.[1] (Doc. No. 901, pg. 7). During his time in FCI Oakdale I, Defendant has had five disciplinary issues, including Introduction of Narcotics in violation of Code 111, on April 6, 2013. (Doc. No. 901, Ex. 2). The Bureau of Prisons ("BOP") currently lists his projected release date as August 25, 2025. (Doc. No. 894, pg. 9).

On or about April 4, 2020, Defendant submitted an administrative request to FCI-Oakdale Warden Rod Myers seeking compassionate release. Id. Defendant is a paraplegic and has medical conditions as a result of the injury that caused his paraplegia prior to incarceration. (Doc. No. 896, pg. 17). Defendant also has diabetes and hypertension as well as a history of sickle cell trait. Id; (Doc. No. 901, pg. 7). The parties agree Defendant has exhausted all administrative remedies pursuant to 18 U.S.C. § 3582(c)(1). Id.

On May 21, 2020, Defendant filed a motion with this Court seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A) and providing the Court with affidavits, prison records, and medical records to support his motion. (Doc. No. 894). Specifically, Defendant seeks a sentence reduction resulting in his immediate release to home confinement from the custody of the BOP, relying his underlying health conditions and the threat posed by the COVID-19 pandemic. Id. at 29. The United States responded in opposition to the motion and submitted more than 1,200 pages of evidence, including medical and BOP records, to support its position. (Doc. No. 901). Defendant replied on July 30, 2020. (Doc. No. 903).

Due to administrative oversight, this motion has remained pending since it became ripe with the filing of Defendant's reply brief. Furthermore, as noted above, Defendant has been transferred out of the FCI-Oakdale I facility. Notwithstanding the fact this transfer might have

---

[1] According to the Bureau of Prisons website, Defendant is now living in transitional housing under the supervision of the Residential Reentry Management facility operated by the federal Bureau of Prisons in Raleigh, North Carolina. https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (visited August 19, 2021).

2
Case 3:05-cr-00104-FDW-DSC   Document 914   Filed 08/19/21   Page 2 of 9

mooted the instant motion, the Court nevertheless addresses Defendant's arguments.

## II. DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

In his Motion for Compassionate Release, Defendant cites the COVID-19 coronavirus pandemic, his inability to practice social distancing, his diabetes, his spinal cord injury, and his high blood pressure as reasons for his immediate release to home confinement. (Doc. No. 894, pgs. 23-26). The United States argues Defendant's request for sentence reduction should be denied because Defendant has failed to demonstrate that he is not a danger to the safety of the community or otherwise merits release under the § 3553(a) factors. (Doc. No. 901, pg. 10).

United States Code Title 18, Section 3582(c)(1)(A), as amended by the First Step Act, provides that the court may not modify a term of imprisonment once it has been imposed except that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g)…[2]

In addition to satisfying subsections (i) or (ii), the reduction must also be "consistent with

---

[2] Addressing factors to reasonably assure the appearance of the person as required and the safety of any other person and the community.

applicable policy statements issued by the Sentencing Commission…." 18 U.S.C. § 3582(c)(1). The Sentencing Commission's policy statement with regard to compassionate release is set forth in U.S. Sentencing Guidelines § 1B1.13. The Policy recognizes the following extraordinary and compelling reasons:

> (A) Medical Condition of the Defendant –
>
>> (i) The defendant is suffering from a terminal illness (i.e., a serious physical and advanced illness with an end of life trajectory)….
>>
>> (ii) The defendant is –
>>
>>> (I) suffering from a serious physical or medical condition,
>>>
>>> (II) suffering from a serious functional or cognitive impairment, or
>>>
>>> (III) experiencing deteriorating physical or mental health because of the aging process,
>>
>> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant – The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) Family Circumstances.
>
>> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>>
>> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons – As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in a combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13, application note 1; see also 28 U.S.C. § 994(t) (authorizing the Commission to describe what should be considered extraordinary and compelling reasons for sentence

reduction). Rehabilitation, by itself, is not an extraordinary and compelling reason for sentence reduction. 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13, application note 3. The Policy Statement issued as Amendment: §1B1.13. Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) states in relevant part concerning factors the court must consider when reducing sentences "(2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g) and (3) the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13(2).

Defendant has failed to demonstrate the existence of "extraordinary and compelling reasons" to supporting his Motion pursuant to § 3582(c)(1)(A)(i).[3] Defendant does not assert that he has a terminal or serious health condition from which he is not expected to recover, deterioration in physical or mental health due to aging, or family circumstances relating to a spouse or minor child[4] that would support release under subsections A, B, or C of U.S.S.G. § 1B1.13, application note 1. (Doc. No. 894). Defendant contends his diabetes, spinal cord injury, and high blood pressure warrant "extraordinary and compelling" circumstances for which Defendant should be granted sentence reduction. Id. at 23-26. The Court recognizes the seriousness of Defendant's medical conditions, but these conditions do not rise to the level of "extraordinary or compelling" enough to substantially diminish the ability of Defendant to provide self-care within the environment of a correctional facility and from which he is not expected to recover.

In addition, the COVID-19 pandemic, which poses a general threat to every non-immune person in the country, cannot alone provide a basis for a compassionate release. United States v.

---

[3] Defendant does not seek relief under subsection (ii) of 18 U.S.C. § 3582(c)(1)(A), nor is such relief available to him, as he is neither 70 years old nor has served at least 30 years in prison.

[4] Defendant also cites his claimed need to care for his 71-year old mother grounds supporting his motions. (Doc. No. 194, p. 2-3). While admirable, if true, this is outside the scope of § 1B1.13, application note 1(C)(i-ii), which only applies to minor children and partners.

Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release."). Under the current record, including Defendant's evidence regarding the conditions at FCI-Oakdale, where he was previously housed, and the death of one of the inmates at that facility, the Court also concludes Defendant has failed to carry his burden to sufficiently establish that the *combined* impact of Defendant's underlying health conditions, the threat of the COVID-19 pandemic, and the response at FCI-Oakdale I to COVID-19 warrants a sentence reduction under § 3582(c)(1)(A)(i).[5] In so concluding, the Court recognizes it is "empowered . . . to consider *any* extraordinary and compelling reason for release" and the Court has done so by considering all reasons Defendant has raised in the instant motion. United States v. McCoy, 981 F.3d 271, 284 (4th Cir. 2020) (quotation omitted; emphasis in original).

Even if Defendant had met his burden of establishing an "extraordinary and compelling reason" for a sentence reduction, the Court denies the motion because—under the current record before the Court—it is not warranted under the applicable § 3553(a) factors and Defendant's possible danger to the community. See United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020); see also United States v. High, No. 20-7350, 2021 WL 1823289 (4th Cir. May 7, 2021) ("[I]f a court finds that a defendant has demonstrated extraordinary and compelling reasons, it is

---

[5] See e.g., United States v. Kibble, 992 F.3d 326, 333–34 (4th Cir. 2021) (Gregory, C.J., concurring) ("Here, Mr. Kibble identified three circumstances that, collectively, qualified as extraordinary and compelling: (1) the uncontrolled spread of COVID-19 at FCI Elkton, (2) his tricuspid atresia, and (3) his non-alcohol related cirrhosis of the liver. The district court agreed and so found. At the time of Mr. Kibble's motion, nearly 25% of Elkton's population had contracted COVID-19; nine inmates had died as a result. The ACLU of Ohio and the Ohio Justice & Policy Center had named FCI Elkton as a defendant in a class action suit challenging the facility's conditions of confinement during the pandemic. And, at the time of Mr. Kibble's motion, Elkton was subject to a preliminary injunction aimed at correcting the facility's mismanagement. See Wilson v. Williams, 455 F. Supp. 3d 467, (N.D. Ohio 2020), vacated by Wilson v. Williams, 961 F.3d 829, 833 (6th Cir. 2020). This combination of factors rightly gave rise to the extraordinary and compelling circumstances animating this case.").

still not required to grant the defendant's motion for a sentence reduction. Rather, it must 'consider[]" the § 3553(a) sentencing factors 'to the extent that they are applicable' in deciding whether to exercise its discretion to reduce the defendant's term of imprisonment. 18 U.S.C. § 3582(c)(1)(A).") In considering whether release is warranted given the applicable § 3553(a) factors, the Court considers "the nature and circumstances of the offense;" "the history and characteristics of the defendant;" "the need to avoid unwarranted sentence disparities;" and the need for the sentence to "provide just punishment," "afford adequate deterrence," "protect the public," and "provide the defendant with . . . training, medical care, or other correctional treatment in the most effective manner." Id. § 3553(a).

In accordance with 18 U.S.C. § 3553(a)(1), the Court must consider the nature and circumstances of the offense and the history and characteristics of the defendant. See 18 U.S.C. § 3582(c)(1). Defendant committed a serious drug offense by trafficking kilograms of cocaine and persisted in this endeavor even after suffering from a brutal and life-altering injury. (Doc. No. 14, at 901). The Court recognizes the seriousness of Defendant's offense, the necessity to provide just punishment, and Defendant's persistence, both after his injury *and* in prison, to continue profiting from the distribution of narcotics. The Court must protect the public from the possible danger of the Defendant's continued narcotics behaviors when deciding whether to reduce the sentencing. The Court has considered all of the relevant § 3553(a) factors and concludes Defendant's release is not warranted.

For the foregoing reasons, Defendant has failed to demonstrate that he should be granted compassionate release, and therefore, his Motion for Compassionate Release/Reduction (Doc. No. 894) is DENIED. Given the pendency of the instant motion and Defendant's transfer out of the FCI-Oakdale I facility, the Court notes that the motion is DENIED WITHOUT PREJUDICE to

file another motion should any circumstances change with Defendant's medical conditions that might rise to the level of "extraordinary or compelling" to substantially diminish the ability of the Defendant to provide self-care within his *current* correctional facility environment and from which he is not expected to recover or should Defendant decide to raise "*any* extraordinary and compelling reason for release" not already raised here. McCoy, 981 F.3d at 284.

### III. DEFENDANT'S REQUEST FOR HOME CONFINEMENT

Defendant alternatively requests the Court release him to home confinement; yet, Defendant has failed to provide any Fourth Circuit precedent to support this request. The Court does not have the authority to direct BOP to place a defendant in home confinement. See 18 U.S.C. § 3621(b); see also United States v. Harless, No. 20-6994, 2021 WL 2311463 (4th Cir. June 7, 2021) ("[[T]he district court correctly concluded that it lacked authority to order [the defendant's] release to home confinement, insofar as she sought relief under the Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516 (2020)." (citing United States v. Saunders, 986 F.3d 1076, 1078 (7th Cir. 2021)); see also Moore v. United States Att'y Gen., 473 F.2d 1375, 1376 (5th Cir. 1973) (per curiam); see also McKune v. Lile, 536 U.S. 24, 39 (2002) (plurality opinion) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."); United States v. Gray, No. 4:12-CR-54-FL-1, 2020 WL 1943476, at *3 (E.D.N.C. Apr. 22, 2020) ("[D]efendant suggests the CARES Act provides legal authority for the court to order home confinement…. This provision does not authorize the court to order defendant's placement in home confinement."). A court has no authority to designate a prisoner's place of incarceration. United States v. Voda, 994 F.2d 149, 151-52 (5th Cir. 1993). Because Defendant's request for home confinement alters only the place of incarceration, not the actual term of incarceration, only BOP may grant or deny his request; the Court is without

jurisdiction to do so.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion for Compassionate Release (Doc. No. 894) is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Signed: August 19, 2021

Frank D. Whitney
United States District Judge